## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**SHAWNA MERCER,**

        **Plaintiff,**

**v.**

Civil Action No. 3:09cv111

**H&P CAPITAL, INC.,**
**JOHN DOE, a/k/a "ROBERT ANTHONY,"**
**NOEL POOLER,**
**and**
**GARY HENRION,**

        **Defendants.**

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1.      This is an action by a consumer alleging damages and declaratory relief for the debt collector Defendants' violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 et seq., which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices, and under the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 et seq., whose consumer protections are by statute "in addition to the requirements and regulations of the (FDCPA)." Fla. Stat. § 559.552.

When it enacted the FDCPA, Congress found there to be abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Two of Congress' stated purposes in enacting the FDCPA were to eliminate abusive and deceptive debt collection practices by debt collectors, and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged. U.S. v. National Financial Services, Inc., 98 F.3d 131, 135 (4th Cir. 1996). H&P Capital, Inc. systematically

deceives and abuses consumers, already victimized by Payday Lenders, and in so doing puts debt collectors who comply with the Fair Debt Collections Practices Act at a distinct competitive disadvantage. It is the policy and practice of H&P Capital to violate the Fair Debt Collections Practices Act and the Florida Consumer Collection Practices Act.

### JURISDICTION

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d), and has supplemental jurisdiction of the state law claims regarding the same transaction and events under 28 U.S.C. § 1367(a).

### PARTIES

3.      Plaintiff Shawn Mercer ("Ms. Mercer") is a natural person who resides in the Commonwealth of Virginia. Ms. Mercer is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4.      Defendant H&P Capital, Inc. ("H&P Capital") is a Florida corporation, doing business at 1919 Blanding Boulevard, Suite 4, Jacksonville, Florida 32210. According to the Florida Department of State, the Registered Agent for H&P Capital is Defendant Gary Henrion, 13863 Pine Villa Dr., Fort Myers, Florida 33912. The principal purpose of its business is the collection of consumer debts.

5.      Defendant John Doe, a/k/a "Robert Anthony," is an collection agent employee of H&P Capital, Inc.

6.      Defendant Noel Pooler is the President and Secretary of H&P Capital, Inc.

7.      Defendant Gary Henrion is the Vice President of H&P Capital, Inc.

8.      Defendants regularly collect or attempt to collect debts owed or due or asserted to be owed or due another, and are "debt collectors" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

9.      Beginning in February, 2009, Defendants attempted through telephone collection harassment and abuse to collect a debt that Ms. Mercer incurred with a Payday Lender, Buckeye Check Cashing of Virginia, Inc., d/b/a Check$mart.

10.     The debt was for a Payday Loan, obtained through Check$mart, and was incurred primarily for personal, family, or household purposes, bringing Defendants' collection activities within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

11.     Defendants sent Ms. Mercer nothing in writing in their attempts to collect the debt.

12.     Defendants did not give Ms. Mercer the disclosure notice required by 15 U.S.C. § 1692e(11) while dunning her by telephone.

13.     H&P Capital engages in a pattern and practice of the type of Payday Loan debt collection abuse to which it subjected Ms. Mercer.

14.     Ms. Mercer received two voice mail messages from Robert Anthony of H & P Capital on February 5, 2009.

15.     The number that Robert Anthony left at which to reach him was (904) 672-1023, extension 266.

16.     Mr. Anthony left a message on Ms. Mercer's work telephone number.

17.     Mr. Anthony left a message on Ms. Mercer's cell phone number.

18.    When leaving the voice mail messages, Robert Anthony engaged in conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt.

19.    When leaving the voice mail messages, Robert Anthony used false, deceptive, or misleading representations or means in connection with the collection of a debt.

20.    By way of example, one of Robert Anthony's messages stated the following:

Shawna, my name is Robert Anthony. I am calling from the Processing Department of the offices of H&P Capital. This is a documented attempt to advise you of your rights concerning an outstanding filing directly against you out of Virginia Beach, Virginia. The matter is scheduled to be released from my office and invoked against you immediately. It is imperative that I hear back from you. You want to be fully prepared for what to expect and what is going to take place. I can be reached at 904-672-1023. My direct extension 266. Good luck.

21.    Ms. Mercer returned Robert Anthony's calls on February 6, 2009.

22.    Robert Anthony said that there was a "release" that was going to occur at noon on that day.

23.    Robert Anthony said that Ms. Mercer owed Check$mart in Virginia Beach $337.29 and that it needed to be paid on that day.

24.    Robert Anthony said that Ms. Mercer broke Virginia law and that he was informing her of her rights.

25.    Based on what Robert Anthony said, Ms. Mercer feared that she would be arrested.

26.    Robert Anthony said his company was a very aggressive collection agency.

27.    He asked Ms. Mercer if her mother, her grandmother, or her sister cared for her well being. Ms. Mercer said that she would see if she would be able to get the money to pay them.

28.     Robert Anthony "granted an extension" to pay through Money Gram by the close of business on that day.

29.     Robert Anthony's demands for immediate payment, coupled with threats of adverse consequences that would arise from a failure to pay, were false statements designed to create a false sense of urgency to pay the purported debt, a tactic long condemned in this district and elsewhere. See, *e.g.*, *Creighton v. Emporia Credit Service, Inc.*, 981 F. Supp. 411 (E.D. Va. 1997); and *Morgan v. Credit Adjustment Board*, 999 F. Supp. 803 (E.D.Va. 1998).

30.     A threat to put Ms. Mercer in jail if the debt was not paid is also a violation of 15 U.S.C. § 1692e(5), as a prohibited threat to take action that cannot legally be taken or that is not intended to be taken, because the Virginia Payday Loan Act, Va. Code § 6.1-444, *et. seq.*, at Va. Code § 6.1 -459 (9), provides the following prohibition against either threatening or taking criminal action:

> § 6.1-459. Required and prohibited business methods.
> Each licensee shall comply with the following requirements:
>
>     ....
>
> 9. A licensee shall not threaten, or cause to be instigated, criminal proceedings against a borrower if a check given as security for a loan is dishonored.

31.     Defendants threatened that Ms. Mercer would be sued in Virginia Beach.

32.     Defendants' threat that Ms. Mercer would be sued in Virginia Beach was a false threat.

33.     Upon information and belief, Check$mart forwarded to Defendants for collection the account for which Defendants were dunning Ms. Mercer, that is, the account had not been sold by Check$mart.

34.     Check$mart does not sue in Virginia on defaulted Payday Loan accounts.

35.     Check$mart does not have people put in jail in Virginia on defaulted Payday Loan accounts.

36.     Any threat by Defendants to take action beyond that allowed in its collection agreement with Check$mart was a false threat.

37.     Absent compliance with the 15 U.S.C. § 1692g thirty day validation rights disclosure, a threat to sue is an action that cannot legally be taken for purposes of *§ 1692e(5)*." *Wilhelm v Credico, Inc.*, 519 F.3d 416, 419 (8th Cir. 2008).

38.     The Fourth Circuit, in *U.S. v. National Financial Services, Inc.*, 98 F.3d 131, 138 (4th Cir. 1996), condemned this kind of collection tactic when it stated:

> Here, we have an obvious intention to make debtors afraid that they would be sued, an effective tactic no doubt, but one which violates the law.

39.     H&P Capital, Inc. opened its operation at 1919 Blanding Blvd., Jacksonville, Florida 32210, at or about the same time that Legal Mediation Practice, Inc., another debt collector whose business model was based on collecting payday loans through telephone collection harassment and abuse and not sending any written collection communications to their consumer debtor victims, closed its doors at 1919 Blanding Blvd., Jacksonville, Florida 32210.

40.     Legal Mediation Practice was sued in this Court and elsewhere for renegade collection tactics similar to those that the Defendants herein have adopted and have used against Ms. Mercer.  See, for example, substantially the same kind of debt collector misconduct at issue in this case was alleged in *Heiskill v. Legal Mediation Practice*, Inc., et al., Civil Action No. 3:08-cv-672, and in *Carol Wessman v. Legal Mediation Practice, Inc.*, Civil Action No. 3:08cv111.

41.     Defendants Gary Henrion and Noel Pooler, at all times relevant hereto, directed, operated, dominated, and controlled the policies, finances, business practices and procedures of H&P Capital, Inc.

42.     The natural consequence of H&P Capital's conduct was to harass, oppress, or abuse Ms. Mercer.

43.     H&P Capital persisted in using false, deceptive, or misleading representations or means in connection with the collection of a debt from Ms. Mercer.

44.     As a result of the acts and omissions of the Defendants, Ms. Mercer has suffered actual damages and injury, including but not limited to, extreme fear, including the fear of arrest and jail, severe stress, mental anguish and suffering, emotional distress, humiliation, and lost time.

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, et seq.**

45.     The foregoing acts and omissions of Defendants constitute violations of the FDCPA, including, but not limited to, violations of §§ 1692d, d(2), e, e(2)(a), e(5), e(10), e(11) and g.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT**
**Fla. Stat. § 559.55, et seq.**

46.     The foregoing acts and omissions of Defendants constitute violations of the FCCPA, including, but not limited to, violations of §§ 559.72(2), (7), (8), and (9).

47.     Defendants each acted willfully, maliciously, and/or in conscious and reckless disregard of the rights of Ms. Mercer so as to justify an award of punitive damages against them, jointly and severally.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that the Court grant the following relief:

1. Declaratory relief that Defendants violated the Fair Debt Collection Practices Act;

2. Declaratory relief that Defendants violated the Florida Consumer Collection Practices Act;

3. Equitable relief, including relief enjoining the Defendants from further violations of the Florida Consumer Collection Practices Act;

4. Award Plaintiff statutory damages against Defendants for their violations of the Fair Debt Collection Practices Act;

5. Award Plaintiff statutory damages against Defendants for their violations of the Florida Consumer Collection Practices Act;

6. Award Plaintiff actual damages against Defendants for their violations of the Fair Debt Collection Practices Act;

7. Award Plaintiff punitive damages against Defendants for their violations of the Florida Consumer Collection Practices Act;

8. Award Plaintiff reasonable attorneys' fees against Defendants for their violations of the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act;

9. Award Plaintiff costs against Defendants for their violations of the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act; and

10. Such other relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,
Shawna Mercer
By Counsel

Dale W. Pittman, VSB #15673
Attorney for Shawna Mercer
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803-3212
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com